IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN,<br>    Plaintiff,<br><br>    v.<br><br>LVNV FUNDING, LLC, and<br>RESURGENT CAPITAL SERVICES, LP<br>    Defendant. | 1:10-cv-3300<br><br><br><br>JURY DEMANDED |

**COMPLAINT**

1. Plaintiff Nicholas Martin brings this action to secure redress against unlawful collection practices engaged in by defendants LVNV Funding LLC ("LVNV"), and Resurgent Capital Services, L.P. ("Resurgent").

2. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FCDPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

3. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The TCPA restricts the use of automated equipment to dial cellular telephones.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. 1692k.

6. Venue in this District is proper because defendants' communications were received in this District and defendants do or transact business in this District.

**PARTIES**

7. Plaintiff Nicholas Martin resides in the Northern District of Illinois.

8. Defendant Resurgent is a limited partnership entity with offices at 15 S. Main St., Suite 600, Greenville, SC 29601. It does or transacts business in Illinois.

9. Defendant Resurgent operates a collection agency.

10. Defendant Resurgent holds one or more collection agency licenses

11. Defendant Resurgent uses the mails and telephones to collect debts originally owed to other entities.

12. Defendant Resurgent is a debt collector as defined in the FDCPA.

13. Defendant LVNV is a limited liability company with its principal offices at 5348 Vegas Drive, Las Vegas, NV 89108. It does or transacts business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

14. Defendant LVNV Funding, LLC is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

15. Defendant LVNV Funding, LLC pays an average of less than ten cents on the dollar for the debts it purchases.

16. Defendant LVNV Funding, LLC then attempts to collect the purchased debts, either directly or through others, such as Resurgent and third party debt collectors.

17. Defendant LVNV Funding, LLC has been the plaintiff in more than 2,000 collection lawsuits that have been pending during the year prior to the filing of this action.

18. Defendant LVNV Funding, LLC regularly uses the mails and telephones in the process of collecting the debts it purchases.

19. Defendant LVNV Funding, LLC is a "debt collector" as defined in the FDCPA.

20. Defendant LVNV states on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

21. Defendant LVNV also states on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

22. Defendants Resurgent and LVNV are under common ownership and management.

23. Defendant Resurgent does not own any consumer debts.

24. Defendant Resurgent is a debt collector as defined in the FDCPA.

**FACTS RELATING TO PLAINTIFF**

25. Defendants have been attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

26. LVNV claims to own the debt.

27. During May 2009, a collection agency employed by defendants, J.C. Christensen & Associates, Inc., left messages on the voicemail associated with plaintiff's cellular phone on Friday May 15, 2009 at 8:18am; Saturday May 16, 2009 at 9:00am; Monday May 18, 2009 at 8:25am; Wednesday May 20, 2009 at 8:29am; Thursday May 21, 2009 at 8:16 am; and Saturday May 23, 2009.

3

28. On or about June 2, 2009, plaintiff sent J.C. Christensen & Associates, Inc. the faxed notices attached as Exhibits A and B.

29. On or about June 4, 2009, plaintiff sent LVNV the faxed notice attached as Exhibit C.

30. On or about June 8, 2009, Resurgent acknowledged plaintiff's "recent inquiry regarding this account" and stated that "We have taken the necessary actions to ensure you will receive no further communications from Resurgent Capital Services L.P." (Exhibit D)

31. Defendants did not take "the necessary actions to ensure you will receive no further communications from Resurgent Capital Services L.P."

32. The quoted statement was a misrepresentation.

33. Instead, defendants sent the debt to another debt collector, Richard J. Boudreau & Associates, LLC, which left a message on the voicemail associated with plaintiff's cellular telephone on August 7, 2009 at 3:15pm.

34. On or about August 31, 2009, plaintiff sent Boudreau the faxed notice attached as Exhibit E.

35. On information and belief, the Christensen and Boudreau calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

36. Plaintiff did not authorize the automated placement of calls to his cell phone.

37. Plaintiff did not furnish his cell phone number to LVNV, Resurgent, Boudreau or Christensen.

**COUNT I – FDCPA**

38. Plaintiff incorporates all previous paragraphs.

39. Defendants violated 15 U.S.C. §§1692e and 1692e(10) by sending plaintiff Exhibit B and then sending plaintiff's alleged debt to another collection agency. Services,

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

(a) Statutory damages;

(b) Attorney's fees, litigation expenses and costs of suit;

(c) Such other or further relief as the Court deems just and proper.

### COUNT II – TCPA

40. Plaintiff incorporates paragraphs 1-37.

41. The TCPA, 47 U.S.C. §227(b) prohibits the calling of cellular telephones using an automatic telephone dialing system or artificial or prerecorded voice.

42. The TCPA also provides a private right of action for statutory damages and injunctive relief.

43. Defendant's agents violated the TCPA by placing automated calls to plaintiff's cell phone.

44. Plaintiff is entitled to statutory damages.

45. Defendants violated the TCPA even if their actions were only negligent.

46. Defendants should be enjoined from committing similar violations in the future.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

(a) Statutory damages;

(b) An injunction against further violations;

(c) Costs of suit;

(d) Such other or further relief as the Court deems just and proper.

Respectfully submitted,

/s/Alexander H. Burke

BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

/s/Alexander H. Burke

BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**Document Preservation Demand**

Plaintiff hereby demands that defendant preserve all documents, data and other things concerning plaintiff and plaintiff', along with all documents data and things concerning its dialers and prerecorded message.

/s/Alexander H. Burke