IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 10-cv-3300 ) ) Judge: Nordberg |
| LVNV FUNDING, LLC, and RESURGENT CAPITAL SERVICES, LP, | ) ) ) |
| Defendant. | ) |

# **DEFENDANTS' ANSWER TO COMPLAINT**

Defendants, LVNV FUNDING, LLC, ("LVNV") and RESURGENT CAPITAL SERVICES, LP, ("RESURGENT") by and through their attorneys, David M. Schultz and Nabil G. Foster with Hinshaw & Culbertson LLP, and for their Answer to Plaintiff's Complaint, state as follows:

## **COMPLAINT**

1. Plaintiff Nicholas Martin brings this action to secure redress against unlawful collection practices engaged in by defendants LVNV Funding LLC ("LVNV"), and Resurgent Capital Services, L.P. ("Resurgent").

**ANSWER:** LVNV and RESURGENT admit Plaintiff has filed this lawsuit and deny all remaining allegations of this paragraph.

2. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FCDPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

**ANSWER:** LVNV and RESURGENT admit Plaintiff alleges violations of the FDCPA and the TCPA. LVNV and RESURGENT deny all remaining allegations of this paragraph.

3. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER: LVNV and RESURGENT admit this paragraph attempts to summarize the FDCPA but deny that this paragraph accurately states the law.**

4. The TCPA restricts the use of automated equipment to dial cellular telephones.

**ANSWER: LVNV and RESURGENT admit this paragraph attempts to summarize the TCPA but deny that this paragraph accurately states the law.**

### JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. 1692k.

**ANSWER: Defendants admit that his Court generally has jurisdiction over claims pursuant to 28 U.S.C §§ 1331, 1337 and 15 U.S.C. § 1692k, but denies that Plaintiff has any such claim herein.**

6. Venue in this District is proper because defendants' communications were received in this District and defendants do or transact business in this District.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

### PARTIES

7. Plaintiff Nicholas Martin resides in the Northern District of Illinois.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

8. Defendant Resurgent is a limited partnership entity with offices at 15 S. Main St., Suite 600, Greenville, SC 29601. It does or transacts business in Illinois.

**ANSWER: RESURGENT admits that Resurgent is a limited partnership and that it has an office in Greenville SC. Resurgent admits that it does business in Illinois. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

9. Defendant Resurgent operates a collection agency.

**ANSWER: RESURGENT admits that in certain cases Resurgent operates a collection agency. Resurgent denies any remaining allegations of this paragraph. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

10. Defendant Resurgent holds one or more collection agency licenses

**ANSWER: RESURGENT admits that Resurgent holds a collection agency license. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

11. Defendant Resurgent uses the mails and telephones to collect debts originally owed to other entities.

**ANSWER: RESURGENT admits that Resurgent uses the mail and telephone to collect debts. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

12. Defendant Resurgent is a debt collector as defined in the FDCPA.

**ANSWER: RESURGENT admits that in certain cases Resurgent acts as a debt collector as defined by the FDCPA. Resurgent denies any remaining allegations of this**

**paragraph. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

13. Defendant LVNV is a limited liability company with its principal offices at 5348 Vegas Drive, Las Vegas, NV 89108. It does or transacts business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER: LVNV admits it is a limited liability company with an office in Las Vegas, NV and that its registered agent is CT Corporation System. LVNV denies that it does or transacts business in Illinois. RESURGENT lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

14. Defendant LVNV Funding, LLC is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

**ANSWER: LVNV admits that it purchases debt and that some of this debt may include defaulted debts originally owed to other that may qualify as a consumer debt. LVNV lacks knowledge or information sufficient to form a belief regarding any remaining allegations in this paragraph. RESURGENT lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

15. Defendant LVNV Funding, LLC pays an average of less than ten cents on the dollar for the debts it purchases.

**ANSWER: LVNV and RESURGENT lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

16. Defendant LVNV Funding, LLC then attempts to collect the purchased debts, either directly or through others, such as Resurgent and third party debt collectors.

**ANSWER: LVNV admits that RESURGENT may attempt to collect some of the debt owned by LVNV. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph. RESURGENT admits that it may attempt to collect some of the debt owned by LVNV and that others may attempt to collect some of the debt owned by LVNV.**

17. Defendant LVNV Funding, LLC has been the plaintiff in more than 2,000 collection lawsuits that have been pending during the year prior to the filing of this action.

**ANSWER: LVNV and RESURGENT lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

18. Defendant LVNV Funding, LLC regularly uses the mails and telephones in the process of collecting the debts it purchases.

**ANSWER: LVNV denies the allegations of this paragraph. RESURGENT lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

19. Defendant LVNV Funding, LLC is a "debt collector" as defined in the FDCPA.

**ANSWER: LVNV denies the allegations of this paragraph. RESURGENT lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

20. Defendant LVNV states on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name

may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

**ANSWER:** **LVNV and RESURGENT deny the allegations of this paragraph as the cited web site does not exist.**

21. Defendant LVNV also states on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

**ANSWER:** **LVNV and RESURGENT deny the allegations of this paragraph as the cited web site does not exist.**

22. Defendants Resurgent and LVNV are under common ownership and management.

**ANSWER:** **LVNV and RESURGENT deny the allegations of this paragraph.**

23. Defendant Resurgent does not own any consumer debts.

**ANSWER:** **Resurgent admits that Resurgent does not own consumer debts. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

24. Defendant Resurgent is a debt collector as defined in the FDCPA.

**ANSWER:** **Resurgent admits that in certain cases, Resurgent acts as a debt collector. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

## FACTS RELATING TO PLAINTIFF

25. Defendants have been attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

**ANSWER:** **LVNV and RESURGENT lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

26. LVNV claims to own the debt.

**ANSWER:** **LVNV and RESURGENT lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

27. During May 2009, a collection agency employed by defendants, J.C. Christensen & Associates, Inc., left messages on the voicemail associated with plaintiff's cellular phone on Friday May 15, 2009 at 8:18am; Saturday May 16, 2009 at 9:00am; Monday May 18, 2009 at 8:25am; Wednesday May 20, 2009 at 8:29am; Thursday May 21, 2009 at 8:16 am; and Saturday May 23, 2009.

**ANSWER:** **LVNV and RESURGENT lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

28. On or about June 2, 2009, plaintiff sent J.C. Christensen & Associates, Inc. the faxed notices attached as Exhibits A and B.

**ANSWER:** **LVNV and RESURGENT lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

29. On or about June 4, 2009, plaintiff sent LVNV the faxed notice attached as Exhibit C.

7

**ANSWER:** **LVNV and RESURGENT admit that Plaintiff sent Exhibit C.**

30. On or about June 8, 2009, Resurgent acknowledged plaintiff's "recent inquiry regarding this account" and stated that "We have taken the necessary actions to ensure you will receive no further communications from Resurgent Capital Services L.P." (Exhibit D)

**ANSWER:** **RESURGENT admits it sent Plaintiff Exhibit D. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

31. Defendants did not take "the necessary actions to ensure you will receive no further communications from Resurgent Capital Services L.P."

**ANSWER:** **LVNV and RESURGENT deny the allegations of this paragraph.**

32. The quoted statement was a misrepresentation.

**ANSWER:** **LVNV and RESURGENT deny the allegations of this paragraph.**

33. Instead, defendants sent the debt to another debt collector, Richard J. Boudreau & Associates, LLC, which left a message on the voicemail associated with plaintiff's cellular telephone on August 7, 2009 at 3:15pm.

**ANSWER:** **RESURGENT denies the allegations of this paragraph. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

34. On or about August 31, 2009, plaintiff sent Boudreau the faxed notice attached as Exhibit E.

**ANSWER:** **LVNV and RESURGENT lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

6589283v1 914795 59550

35. On information and belief, the Christensen and Boudreau calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

**ANSWER: LVNV and RESURGENT lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

36. Plaintiff did not authorize the automated placement of calls to his cell phone.

**ANSWER: LVNV and RESURGENT lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

37. Plaintiff did not furnish his cell phone number to LVNV, Resurgent, Boudreau or Christensen.

**ANSWER: LVNV and RESURGENT lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

## COUNT I — FDCPA

38. Plaintiff incorporates all previous paragraphs.

**ANSWER: LVNV and RESURGENT incorporate their respective responses to all previous paragraphs.**

39. Defendants violated 15 U.S.C. §§1692e and 1692e(10) by sending plaintiff Exhibit B and then sending plaintiff's alleged debt to another collection agency.

**ANSWER: LVNV and RESURGENT deny the allegations of this paragraph**

## COUNT II — TCPA

40. Plaintiff incorporates paragraphs 1-37.

**ANSWER: LVNV and RESURGENT incorporate their respective responses to all previous paragraphs.**

6589283v1 914795 59550

41. The TCPA, 47 U.S.C. §227(b) prohibits the calling of cellular telephones using an automatic telephone dialing system or artificial or prerecorded voice.

**ANSWER: LVNV and RESURGENT admit this paragraph attempts to summarize the TCPA but deny that this paragraph accurately states the law.**

42. The TCPA also provides a private right of action for statutory damages and injunctive relief.

**ANSWER: LVNV and RESURGENT admit this paragraph attempts to summarize the TCPA but deny that this paragraph accurately states the law.**

43. Defendant's agents violated the TCPA by placing automated calls to plaintiff's cell phone.

**ANSWER:   LVNV and RESURGENT deny the allegations of this paragraph**

44. Plaintiff is entitled to statutory damages.

**ANSWER:   LVNV and RESURGENT deny the allegations of this paragraph**

45. Defendants violated the TCPA even if their actions were only negligent.

**ANSWER:   LVNV and RESURGENT deny the allegations of this paragraph**

46. Defendants should be enjoined from committing similar violations in the future.

**ANSWER:   LVNV and RESURGENT deny the allegations of this paragraph**

## AFFIRMATIVE DEFENSES

Defendant LVNV FUNDING LLC; and RESURGENT CAPITAL SERVICES, L.P. by and through their undersigned counsel, and for their Affirmative Defenses to Plaintiff's Complaint, states as follows:

   a. Defendant Resurgent affirmatively states that it maintains reasonable training procedures for all employees who participate in any collection activity or communication. Any

communication or conduct which allegedly violated the Fair Debt Collection Practices Act, is subject to a *bona fide error* defense under 15 U.S.C. §1692k(c).

        b.      If LVNV is found to be vicariously responsible under the FDCPA for the alleged conduct of Resurgent or any other entity, LVNV is entitled to rely upon the *bona fide error* defense of Resurgent or those other entities as its own affirmative defense. 15 U.S.C. §1692k(c).

        c.      If RESURGENT is found to be vicariously responsible under the FDCPA for the alleged conduct of any other entity, RESURGENT is entitled to rely upon the *bona fide error* defense of those other entities as its own affirmative defense. 15 U.S.C. §1692k(c).

        d.      If LVNV or RESURGENT is found to be vicariously responsible under the TCPA for the alleged conduct any other entity, LVNV and RESURGENT are entitled to rely upon the defenses available to any of those other entities as its own affirmative defense.

        e.      Plaintiff's claims against DEFENDANTS that are predicated on the conduct of J.C. Christensen & Associates, Inc. were settled and released pursuant to a settlement agreement and release signed by the Plaintiff in the case titled <u>Nicholas Martin v. J.C. Christensen & Associates, Inc.</u>, case # 09-CV-5726 in the Northern District of Illinois. Accordingly, all claims against the DEFENDANTS predicated on the conduct of J.C. Christensen & Associates, Inc. should be dismissed.

WHEREFORE, LVNV FUNDING LLC and RESURGENT CAPITAL SERVICES, L.P. pray that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

                                                  Respectfully submitted,

Date: August 20, 2010

                                                  By:    /s/ Nabil G. Foster_____

David M. Schultz (Atty. No. 6197596)           One of the Attorneys for Defendants
Nabil G. Foster (Atty. No. 6273877)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail Address: dschultz@hinshawlaw.com
                    nfoster@hinshawlaw.com

**CERTIFICATE OF SERVICE**

I, Nabil G. Foster, an attorney, certify that I shall cause to be served a copy of **DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, before the hour of 4:00 p.m., messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this 20th day of August 2010.

| | | |
|---|---|---|
| _X_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | Alexander H. Burke |
| ___ | Federal Express | Burke Law Offices, LLC |
| ___ | Mail | 155 N. Michigan Avenue, Suite 9020 |
| ___ | Messenger | Chicago, IL 60601 |
| | | 312-729-5288 |
| | | 312-729-5289 FAX |
| | | e-mail: aburke@burkelawllc.com |

David M. Schultz (Atty. No. 6197596)  s/ Nabil G. Foster
Nabil G. Foster (Atty. No. 6273877)  Nabil G. Foster
Attorneys for Defendants  One of the Attorneys for Defendants
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail Address: dschultz@hinshawlaw.com
nfoster@hinshawlaw.com

12